THOMAS BLANCHARD *vs.* GEORGE W. ELY.

Hampden. September 24, 1901. — October 17, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Liens,* Petition under Pub. Sts. c. 192, § 24. *Practice, Civil,* Delivery of a paper required by statute.

Pub. Sts. c. 192, § 24, providing for the enforcement of certain liens by petition, requires a demand in writing to be " delivered to the debtor or left at his usual place of abode, if within this commonwealth, or made by letter addressed to him at his usual place of abode without the commonwealth and deposited in the post-office to be sent to him." On a petition under this statute to enforce a lien for keeping certain horses, it appeared, that the petitioner mailed a demand for the payment of the debt to the respondent at his residence in this Commonwealth and that the respondent received it the next morning. *Held,* that the delivery of the demand was good. The statute contemplates a delivery by the creditor himself or by any one for him, and the paper may be left at the usual place of abode of the respondent by a postal carrier as well as by an officer qualified to serve civil process. The provision for mailing a demand to a debtor without the Commonwealth merely prescribes a convenient method of making

a demand on such a debtor, and does not imply that a demand actually delivered through the post-office is ineffectual if the debtor resides within the Commonwealth.

PETITION under Pub. Sts. c. 192, § 24, to enforce a lien under § 32 of the same chapter for boarding and keeping certain horses of the defendant, filed in the District Court of Eastern Hampden, April 14, 1900.

Coming by appeal to the Superior Court, the case was tried before *Pierce*, J. It appeared, that the petitioner lived in Palmer and the respondent in Springfield, and that a demand in writing for the payment of the debt, sufficient under the statute if delivered to the respondent, was mailed by the petitioner in Palmer on April 2, 1900, addressed to the respondent in Springfield, and there received by the respondent the next morning. The respondent asked the judge to rule, that there was no sufficient evidence that any demand in writing was delivered to the debtor or left at his last and usual place of abode within ten days before the bringing of the petition in this action, and that there was no evidence that the provisions of Pub. Sts. c. 192, § 24, concerning a demand upon the debtor were complied with by the petitioner.

The judge refused so to rule, and, by consent of parties, instructed the jury to return a verdict for the petitioner. The respondent alleged exceptions.

*A. Webster, S. S. Taft & D. E. Tilley*, for the respondent.

*D. F. Dillon & E. E. Hobson*, for the petitioner.

KNOWLTON, J. This is a petition under the Pub. Sts. c. 192, § 24, to enforce a lien for keeping certain horses, the property of the respondent. The only question in the case is whether a demand for the payment of the debt was made as required by this section. A demand in writing in proper form was sent by mail to the respondent, and was received by him the next day at his place of residence in Springfield, to which it was addressed.

By the terms of the statute such a demand must be " delivered to the debtor or left at his usual place of abode, if within this commonwealth." The respondent contends that this must be by a formal service like that of a writ in an action at common law. But the statute makes no such requirement. The paper may be delivered to the debtor or left at his usual place of abode

by any person to whom the creditor sees fit to intrust it for that purpose. It may as well be delivered by a postal carrier in the service of the United States as by an officer qualified to serve civil process.

The language of the section which permits the demand upon the debtor to be "made by letter addressed to him at his usual place of abode without the commonwealth and deposited in the post-office to be sent to him," does not imply that a demand actually delivered through the post-office is ineffectual if the debtor resides in this State, but prescribes a convenient method of making a demand when the debtor lives outside of the Commonwealth without the necessity of proving that the paper reaches him. The statute contemplates that the delivery may be made by the creditor himself or by any one for him. Where no particular method of delivery is required, it is sufficient to prove that the demand or notice was in some way conveyed to the person to be affected thereby. See *Wilson* v. *Trenton*, 16 L. R. A. 200 ; *Burdett* v. *Lewis*, 7 C. B. (N. S.) 791 ; *Shoemaker* v. *Mechanics' Bank*, 59 Penn. St. 79 ; *Walters* v. *Brown*, 15 Md. 285, 292.

*Exceptions overruled.*