AMANDA WIXON *vs.* GEORGE E. BRUCE, trustee, & others.

ANTHONY WIXON *vs.* SAME.

Suffolk. November 18, 1904. — January 5, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Landlord and Tenant. Nuisance. Ice and Snow.*

The tenant of the ground floor and basement of a building under a lease by which he has covenanted to save the lessor harmless from any claim or damage arising from neglect in not removing snow and ice from the roof of the building and from the sidewalks bordering on the leased premises, the upper stories of the building being let to another tenant under a lease containing a similar covenant, has control of the sidewalks adjoining the building, and is liable to a person injured from falling on an accumulation of ice in front of the building caused by the discharge of water from a spout conducting the water from the roof of the building and that of another building adjoining it.

TWO ACTIONS OF TORT, the first action by Amanda Wixon for personal injuries from a fall upon the sidewalk in front of the building numbered 111 and 113 on Blackstone Street in Boston, alleged to have been due to an accumulation of ice caused by the collection and freezing of water flowing from a conductor or spout on that building, against George E. Bruce, trustee, the owner of the building, and Charles J. Crowley and Daniel F. McCarthy, lessees of a portion of the building, added as defendants by amendment, and the second action by Anthony Wixon, husband of Amanda, against the same defendants, for damages alleged to have been sustained by him by reason of the injuries to his wife. Writs dated June 3, 1903.

In the Superior Court thé cases were tried together before *Richardson,* J., without a jury. He found for the defendant Bruce in both actions, and in both actions found for the plaintiff as against the defendants Crowley and McCarthy, in the first case in the sum of $550, and in the second case in the sum of $250. The defendants Crowley and McCarthy alleged exceptions, raising the questions stated by the court.

*G. C. Dickson,* (*F. Paul* with him,) for the defendants Crowley and McCarthy.

*E. P. Benjamin,* for the plaintiffs.

LORING, J. These were two actions of tort for injuries suffered by the plaintiff in the first action, who was the wife of the plaintiff in the second action, from falling upon an accumulation of ice on a sidewalk in front of a building owned by the defendant Bruce, caused by the discharge of water from a conductor which took the water from the roof of that building and the building adjoining it. At the time of the accident the ground floor and basement of Bruce's building, with the exception of a hoistway and the stairs to the upper stories, were in the possession of the defendants Crowley and McCarthy as tenants for a term of years, and the upper stories, together with the hoistway and stairs, were in the possession of another tenant for a term of years. Each lease contained this covenant on the part of the lessee, to wit: " That they will . . . save the said lessor and his legal representatives harmless from . . . any claim or damage arising from neglect in not removing snow and ice from the roof of the building, or from the sidewalks bordering on the premises

so leased." The lease to Crowley and McCarthy was dated August 1, 1901, and the other lease was dated May 1, 1900. The premises let to these two sets of tenants comprised the entire building.

The case was heard by a judge without a jury, who found that "the plaintiff Amanda Wixon, while travelling on said Blackstone Street, and while in the exercise of due care, fell upon the sidewalk in front of the store occupied by the defendants Crowley and McCarthy; and her fall was caused by an accumulation of ice on said sidewalk due to the collection and freezing of water flowing from said conductor or spout." The defendants Crowley and McCarthy asked the judge to rule that on all the evidence they were not liable. This was refused. They also asked for two rulings which were refused as immaterial, to wit: "7. If the building No. 113 Blackstone Street was not occupied by the defendants Crowley and McCarthy alone, but was leased to and occupied by other tenants besides Crowley and McCarthy, then, in respect to a conductor running from the roof of the building to the ground and used to conduct the water from the roof of the building, the owner of the building, and not the defendants Crowley and McCarthy, was in control of and the occupant of the conductor, as regards the responsibility for its existence and for its condition, and the obligation to keep it in repair." "8. If the building No. 113 Blackstone Street was leased to more than one tenant, so that the defendants, Crowley and McCarthy, did not occupy the entire building, — if Crowley and McCarthy had a lease of and occupied only the lower part of the building and the upper part was occupied by another tenant, then Crowley and McCarthy had no control over or responsibility for the existence or condition of the conductor running from the roof of the building to the sidewalk, and they had no duty in regard to it." The court made the following ruling: "That the defendants Crowley and McCarthy should not be held liable in this action by reason merely of any of their covenants contained in the said lease executed by and between them and the defendant Bruce, trustee; that the said lease was evidence on the question of their possession and occupancy and control of the premises therein and thereby demised and of the appurtenances by law attached thereto, including the

sidewalk; and that, upon the evidence of their possession and occupancy of the premises described in said lease, and of the appurtenances by law attached thereto, including the sidewalk, and upon the other evidence in the case, they were liable in this action upon the ground that they had negligently suffered a dangerous accumulation of ice to remain on the sidewalk in front of their store."

The case is here on exceptions to the refusal of the judge to give these rulings. No exception was taken to the ruling made.

The principal argument of the defendants Crowley and McCarthy has been that however it may be *inter sese*, the responsibility to the public of the legal owner of the conductor for the time being cannot be affected by a private agreement between him and a tenant of a portion of the building. But that argument was put forward and denied in *Quinn* v. *Crimmings*, 171 Mass. 255. That was a case where the plaintiff was injured by the falling of a division wall, and, after stating that the argument now put forward had been made, this court said: " But examples of liability to the public being affected by private arrangements are not unknown. A landlord may shift his responsibility for snow falling from the roof of his house into the street by giving control to a tenant, and will have the right to rely upon the tenant's managing the premises in such a way as to prevent their becoming a nuisance. The fact that action, and not merely abstinence from illegal acts, on the part of the tenant is required to prevent the harm is not conclusive." p. 256.

That is decisive of this case. We assume here that the defendants were not tenants of the conductor or of the sidewalk, and we agree with the defendants' contention that one injured by a defect in premises could not maintain an action against a stranger who had for a consideration agreed to insure the owner and occupant against liability for damages caused by defects. But these defendants were not strangers. They were tenants of a portion of the building, and a covenant by a lessee of part of a building to save harmless the lessor from any claim arising from neglect in not removing snow and ice from the sidewalk is not a contract of insurance, but, in a case like this, at least where the lessor has let the entire building to these defendants and another tenant, is in effect a covenant to see that the conductor

carrying off the water from the roof does not create a nuisance by discharging it on to the sidewalk where it would afterward freeze. That covenant gave these defendants control over the sidewalk, and brings the case within *Dalay* v. *Savage*, 145 Mass. 38; *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47; *Lufkin* v. *Zane*, 157 Mass. 117, and *Quinn* v. *Crimmings*, 171 Mass. 255. See also *Glynn* v. *Central Railroad*, 175 Mass. 510, 512.

The ruling made by the judge in effect means that the plaintiff could not have sued on the covenant between Bruce and these defendants, but that by reason of that covenant they became liable for the nuisance created by the conductor discharging water on to the sidewalk, which froze there, from which the plaintiff suffered a special damage.

*Exceptions overruled.*