CORNELIUS SULLIVAN *vs.* FRANCIS M. WILSON & another.

Suffolk. November 14, 1912. — January 28, 1913.

Present: RUGG, C. J., LORING, BRALEY, & SHELDON, JJ.

*Snow and Ice. Notice. Nuisance.*

Under the provision of St. 1908, c. 305, that a notice of injuries resulting from snow or ice may be left with the occupant of the premises, "or, in case there is no occupant," may be posted "in a conspicuous place thereon," the leaving of a notice with the occupant and the posting of a notice in a conspicuous place are different things, and a notice posted on the outside of a vacant tenement, which is one of two tenements of a single house or one of four tenements of a double house, is not left with the occupant of the house.

Under the provision of St. 1908, c. 305, that a notice of injuries resulting from snow or ice may be left with the occupant of the premises, "or, in case there is no occupant," may be posted in a conspicuous place thereon, if the premises consist either of a double house containing four tenements, of which one is vacant and the other three are occupied, or of a single house, containing two tenements, of which one is vacant and the other occupied, notice cannot be given by posting, which can be done only "in case there is no occupant."

Under the provision of St. 1908, c. 305, that notice of injuries resulting from snow or ice may be left with the occupant of the premises "or, in case there is no occupant," may be posted in a conspicuous place thereon, if it appears in an action where proof of such notice is necessary, that the premises consisted either of a double house containing four tenements or of a single corner house containing two tenements, evidence, that the plaintiff's agent rang the door bell and knocked on the door of the lower tenement on the corner, which was unoccupied,

but did not ring the door bell of the upper tenement on the corner nor the door bell of either of the other two tenements, and that he made no inquiries in the neighborhood as to whether the house was wholly unoccupied, and testimony of the plaintiff's attorney to the effect that by the outward appearance of the building it was unoccupied, do not warrant a finding that there was no occupant of the house, whether it was a single house or a double one.

TORT for personal injuries sustained by the plaintiff on December 31, 1909, by reason of snow and ice falling upon him from a building owned and controlled by the defendants when the plaintiff was walking upon the sidewalk of Rock Street in Boston at or near the corner of Regent Street. Writ dated April 29, 1910.

In the Superior Court the case was tried before *Morton, J.,* who ruled that the plaintiff was not entitled to maintain his action because he had failed to show that he had complied with the requirements of St. 1908, c. 305. The facts bearing upon this question as shown by the evidence are stated in the opinion. The judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*E. P. Saltonstall,* (*C. W. Blood* with him,) for the plaintiff.

*F. T. Hammond,* for the defendants.

LORING, J. This is an action for injury to the plaintiff while walking on Rock Street in the city of Boston, caused by ice falling on him from the house on the corner of that street and Regent Street. The only question is whether the evidence warranted the jury in finding that St. 1908, c. 305, was complied with.

Although the only testimony as to the real as distinguished from the apparent facts in connection with the occupation of the house came from a witness called by the defendants, the plaintiff has argued the case on the assumption that the facts so testified to were true. The case could properly be considered on that basis.

The building in question is stated in the bill of exceptions to have been " a double house, having four tenements, two upstairs and two on the first floor, and that there was a brick wall through the middle of the house running at right angles to Regent Street and that it was such a house that one half could be sold and disposed of independent of the other." The facts as to its real occupation were that at the time of the accident and for several months thereafter, the lower floor of the half on the corner was vacant and the upper floor of that half and both floors of the other half

were "occupied by tenants" under oral leases. It would seem from the photographs made part of the bill of exceptions that there was a front door to each tenement, all facing on Regent Street.

Within the specified time the plaintiff's brother tacked a notice on the bay window between the corner and the first outside door on Regent Street, which was the door to the lower flat on the corner.

The plaintiff's first contention is that since the statute provides that "leaving the notice with the occupant" shall be a sufficient compliance with the act, the statute was complied with by tacking the notice on the outside wall of the vacant tenement. There is nothing in this contention. Under St. 1908, c. 305, "leaving the notice with the occupant" and "posting the same in a conspicuous place" are different things. In the case at bar the notice was posted not left with the occupant.

The posting of the notice was not a compliance with the statute because the evidence did not warrant a finding that there was "no occupant" of the premises. Having regard to the real facts put in evidence by the defendants, there is no question on that point whether the four flats are to be taken (as in the bill of exceptions) to be one double house, or whether the upper and lower flats on the corner are to be treated as a separate house. If one flat was occupied, we are of opinion that notice could not be given by posting, for that can be done only "in case there is no occupant."

If the plaintiff had not waived his right to ask the jury to disbelieve the testimony of the defendants' witness as to the occupancy of the building, the result would have been the same. The plaintiff's agent went no further than to ring the door bell and knock on the door of the lower flat on the corner. He did not ring the door bell of the upper flat on the corner nor that of the other two flats, nor did he make any inquiries in the neighborhood as to whether the corner house, if that could be considered a separate house, or the double house (treating the four flats as making one double house) was wholly unoccupied. The only evidence introduced by the plaintiff in addition to this was the testimony of the plaintiff's attorney to the effect that by the outward appearance of the building it was unoccupied. All this evidence taken as a whole did not go far enough to warrant a finding that there was no occupant of either one of the flats on the corner, treating

the corner as a separate building, or of any one of the four flats, treating the building as a double house.

*Exceptions overruled.*