Antonio Cerchione *vs.* Henry S. Hunnewell & others, trustees.

Suffolk.    March 28, 1913. — October 22, 1913.

Present: Rugg, C. J., Morton, Hammond, Loring, Braley, Sheldon, & De Courcy, JJ.

*Nuisance.    Negligence,* Of one controlling real estate.   *Landlord and Tenant.*

The owner of a building in the city of Boston, to which St. 1892, c. 419, § 66, applies, is not liable to a person injured from slipping on ice on the adjoining sidewalk formed by water discharged from a spout attached to the building, if at the time of the accident the building was occupied by a tenant to whom it was leased by an unrecorded lease for twenty years, under which he had the right to make alterations and repairs or to remove the building and erect a new one in its place and who covenanted to save the owner harmless from damage occasioned by any nuisance made or suffered on the premises and from any damage arising from neglect in not removing snow and ice from the sidewalks bordering on the premises.    Following *Coman* v. *Alles,* 198 Mass. 99.

Rugg, C. J.    There was evidence tending to show that the plaintiff, in the exercise of due care, on January 1, 1912, was injured by slipping on a sidewalk in Boston, on ice formed from water discharged from a spout on a building owned by the defendants which had been in the same structural condition for about eleven years. The building was of such size that by St. 1892, c. 419, § 66,* it was required to have "leaders sufficient to carry all the water to the street, gutter or sewer, in such manner as not to flow upon the sidewalk." The spout in question discharged water from a conductor on the roof and ended about five inches from the sidewalk. In the Superior Court, the presiding judge,† subject to the defend-

---

* St. 1892, c. 419, relates "to the construction, maintenance and inspection of buildings in the city of Boston." The whole of § 66 is as follows: "All buildings over forty-five feet high shall have suitable water-tight metallic leaders, and all buildings shall have leaders sufficient to carry all the water to the street, gutter or sewer, in such a manner as not to flow upon the sidewalk, or to cause dampness on any wall, yard or area."

† *Dana,* J.

ants' exceptions, refused to allow them to show that the building was leased to a tenant for the term of twenty years from July 31, 1906, by unrecorded leases, according to which the lessee · took possession of the entire premises in their then condition, with the right to make such alterations and repairs as it might deem expedient and to remove the building and erect a new one in its place, all in compliance with the requirements of the public authorities and subject only to the approval of the plans by the lessors or their architect, and covenanted to save the defendants as lessors harmless from all loss or damage occasioned by any nuisance made or suffered on the premises, and from any claim or damage arising from neglect in not removing snow and ice from the sidewalks bordering on the premises. The question is whether there was error in this ruling.

A landowner in the possession of his premises, who gathers water and pours it in an artificial channel in such manner as to cause the accumulation of ice upon a sidewalk, is the efficient cause in the creation of a nuisance and may be held liable for the damages which ensue as a probable consequence. *Field* v. *Gowdy*, 199 Mass. 568. Where such premises are let to a tenant at will who simply agrees to pay rent and assumes only the obligations flowing from the relation of tenancy at will, the landlord still may be held liable. *Jackman* v. *Arlington Mills*, 137 Mass. 277. *Maloney* v. *Hayes*, 206 Mass. 1. *Marston* v. *Phipps*, 209 Mass. 552. Where there is a lease of premises on which a nuisance exists or such a condition as plainly will lead to the creation of a nuisance, and a surrender of control is made to the tenant without any express agreement touching the nuisance, then the landlord may be found to have contemplated the continuance of the illegal or dangerous condition by the tenant and may be held responsible for damages resulting therefrom. *Jackman* v. *Arlington Mills*, 137 Mass. 277. But where there is a transfer of possession to a tenant under a genuine lease, by which he is given the right to make alterations and even to replace the existing structures by new, and agrees to save the lessor harmless from damages arising from any nuisance and especially from unremoved snow and ice, it cannot be said that the landlord contemplates the existence of ice on the sidewalk. As was said by Sheldon, J., in *Coman* v. *Alles,* 198 Mass.

99, "if the premises can be used by the tenant in the manner intended by the landlord without becoming a nuisance, then the landlord is not liable for any nuisance created by an act of omission or of commission" done by the tenant after he has taken possession under the lease. The circumstances of the case at bar make it indistinguishable from that case, by the authority of which it is governed. The possibility that the tenant might allow the water from this spout to flow upon the sidewalk and freeze and accumulate there in such quantities as to become dangerous does not warrant the inference that the defendants contemplated that method of using the premises any more than in *Coman* v. *Alles,* and in *Wixon* v. *Bruce,* 187 Mass. 232. At the time the lease was made in July, 1906, there was no nuisance of the sort now complained of on the premises. The direct source of the injury to the plaintiff here, as in other cases, was the wrongful conduct of the tenant in failing to prevent the improper accumulations of ice upon the adjacent sidewalk. Liability stops with this proximate cause. *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47. The effect, in shielding a landlord from liability, of an express agreement in a lease, putting a duty upon the tenant to relieve against a nuisance, or the conditions from which a nuisance may be produced by an unrestrained operation of natural causes, is recognized in *Dalay* v. *Savage,* 145 Mass. 38, 42; *Cavanagh* v. *Block,* 192 Mass. 63, 65, 66; *Quinn* v. *Crimmings,* 171 Mass. 255, 256; *Pretty* v. *Bickmore,* L. R. 8 C. P. 401; and *Gwinnell* v. *Eamer,* L. R. 10 C. P. 658.

Under the lease offered in evidence it does not appear that the landlord let a nuisance and took rent as compensation for the use of the nuisance. If he had done this, the landlord might have been liable. But whether the nuisance should exist or not depended solely upon the act or omission of the tenant. In such case the tenant and not the landlord is liable.

St. 1907, c. 550, § 132, was not in force at the time the lease in question was made and therefore it is unnecessary to decide what effect, if any, it might have.

The result is that in the opinion of a majority of the court the offered evidence of the lease erroneously was excluded. But this is not a proper case for the application of St. 1909,

c. 236, and judgment is not ordered. *Archer* v. *Eldredge,* 204 Mass. 323, 327.

*Exceptions sustained.*

The case was argued at the bar in March, 1913, before *Rugg,* C. J., *Morton, Loring, Sheldon,* & *De Courcy,* JJ., and afterwards was submitted on briefs to all the justices.

*E. K. Arnold,* for the defendants.

*J. P. Walsh,* (*C. J. Muldoon, Jr.,* with him,) for the plaintiff.