ALFRED E. SWEET *vs.* FRANK S. PECKER & others.

Suffolk. January 19, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Snow and Ice. Notice.*

In an action under R. L. c. 51, §§ 20–22, as amended by St. 1908, c. 305, and St. 1913, c. 324, for personal injuries resulting from the fall of ice or snow upon the plaintiff from the roof of a building, where both the owner and the lessee of the building are made defendants, proof of a correct notice in writing addressed to and delivered to the owner, is not proof of a notice to the lessee, and, if it appears that the building was within the exclusive control of the lessee and the plaintiff discontinues his action as against the owner, he cannot maintain the action against the lessee without proof of a notice to him.

DE COURCY, J. This action was brought under R. L. c. 51, §§ 20–22, as amended by St. 1908, c. 305, and St. 1913, c. 324. A prerequisite of statutory liability is the due service of a proper notice on the person sought to be charged. *Baird* v. *Baptist Society*, 208 Mass. 29. *McNamara* v. *Boston & Maine Railroad*, 216 Mass. 506. The only notice in the case is the following:

—————

* Made by *Hamilton*, J.

"Boston, Mass. March 23, 1914.

"To Frank S. and Annie J. Pecker,

    Owners of Property numbered 27 and 29 Howard St.,

        Boston, Mass.

"A claim against you for damages has been placed in my hands for adjustment, by Mr. Albert E. Sweet, for injuries received by him on February 23rd, about 7 P. M. while walking along the sidewalk of Howard Street, in front of building numbered 27 and 29, owned by you.

"The cause of said injury was the defective condition of the roof of said building, allowing an accumulation of snow and ice to fall upon him.

                Yours truly,

                    ROBERT E. BIGNEY."

It is not disputed that this was a correct notice as to the time, place and cause of the injury, and that it was signed by a person duly authorized. But manifestly it is a notice to the owners, as the persons assumed to be legally responsible for the condition of the premises. Service of it was made by leaving a copy at the house of Annie J. Pecker, one of the owners, as the other one was living out of town. When this action was brought the plaintiff made the alleged owners two of the parties defendant. As he discontinued against them before the case went to trial on the merits, the question of their liability is not before us. See St. 1907, c. 550, § 132; *Cerchione* v. *Hunnewell*, 215 Mass. 588.

The plaintiff seeks to hold the remaining defendants liable as lessees, under the doctrine of *Wixon* v. *Bruce*, 187 Mass. 232. The record merely states that Levaggi and Niccolini had leased the premises numbered 27, 29, 29½ Howard Street, Boston, and does not disclose what covenants were in their lease. The conclusive answer to the plaintiff's claim against them, however, is that he failed to give them, as the persons sought to be charged, the notice which is a condition precedent to his right of action under the statute. The paper left by his attorney with Levaggi, one of the defendants, was a copy of the above notice to the owners, on whom he had not then served; and presumably this was done under St. 1913, c. 324, § 1, which provides that "Leaving the notice with the occupant of said premises, or, in case there is no

occupant, posting the same in a conspicuous place thereon, shall be a sufficient compliance with the foregoing provisions." He did not even know that the lease was in existence, or that the defendants were tenants. There were two distinct interests which might have been liable to the plaintiff, — the owners and the tenants. He gave the notice required by the statute, and thereby completed his right of action against only one of them, — the owners.

Under the statutes as now existing, the fact that the lease was not recorded and that the plaintiff had no knowledge of it, does not affect the right of the tenants to rely on his failure to give the prescribed written notice. See *Cerchione* v. *Hunnewell, ubi supra.* Nor is there any support in the evidence for the plaintiff's argument as to estoppel.

In accordance with the report, the verdict for the defendants * is to stand.

*So ordered.*

*R. E. Bigney,* for the plaintiff.
*W. B. Luther,* for the defendant.