MARGARET TOBIN *vs.* GILES TAINTOR.

Middlesex.    November 13, 1917. — January 5, 1918.

Present: RUGG, C. J., CROSBY, PIERCE, & CARROLL, JJ.

*Notice. Letter. Snow and Ice. Evidence,* Presumptions and burden of proof.

Under St. 1908, c. 305, which makes a notice in writing of the time, place and cause of the injury a condition precedent to recovery for injury from a defective condition of a building caused by or consisting in part of snow or ice and provides that "Leaving the notice with the occupant of said premises, or, in case there is no occupant, posting the same in a conspicuous place thereon, shall be a sufficient compliance with the foregoing provisions," a proper notice in writing sent by mail to the owner of the building in control of it is a compliance with the statute.

In an action against one owning and controlling a building for personal injuries caused by snow and ice from the defendant's building falling upon the plaintiff when he was travelling on the adjoining public sidewalk, the defendant denied that he had received notice of the time, place and cause of the injury as required by St. 1908, c. 305. The plaintiff's attorney testified that three days after the injury he gave notice to the defendant by mailing a letter to him at his business address in Boston stating the time, place and cause of the accident and claiming damages, and that on the corner of the envelope was printed a request to return the letter, if not delivered, to the address of the writer there stated and that the letter was not returned. The defendant testified that this notice was not received by him. *Held,* that there was evidence that the notice was sent and received and that it could not be said as matter of law that the notice did not reach the defendant.

The depositing of a letter properly addressed with postage prepaid in the regular mail chute of an office building with directions for the return of the letter if not delivered printed on the envelope, and the fact that the letter was not returned, are *prima facie* evidence that the letter was received, there being a presumption of fact that the post office officials and employees did their duty.

TORT, by a minor by her father and next friend, for personal injuries sustained on February 8, 1911, by reason of snow and ice falling upon her from an occupied building of the defendant on Gore Street in the part of Cambridge called East Cambridge, when the plaintiff was travelling on the adjoining public sidewalk of that street. Writ dated October 15, 1912.

In the Superior Court the case was tried before *Sisk,* J. It is stated in the bill of exceptions that "there was evidence which warranted the jury in bringing in a verdict for the plaintiff, as they

did, if a due and sufficient notice had been given in accordance with the provisions of St. 1908, c. 305." The plaintiff contended that she had given such a notice and the defendant denied that he had received such a notice. The evidence upon this subject is described in the opinion. The judge refused to rule as matter of law that the defendant had received no notice in compliance with the statute. He submitted the question to the jury, who returned a verdict for the plaintiff in the sum of $449.75. The defendant alleged exceptions, it being stipulated by the parties that, if the judge was wrong in submitting the case to the jury, judgment was to be entered for the defendant; otherwise, judgment was to be entered on the verdict.

*G. Taintor,* pro se.

*W. H. Buie,* (*C. H. Morris* with him,) for the plaintiff.

CARROLL, J. The plaintiff while a traveller upon a public street in Cambridge on February 8, 1911, was injured by snow and ice, from the defendant's occupied building, falling upon her. The question in the case is whether due and sufficient notice was given in accordance with St. 1908, c. 305. The plaintiff's attorney testified that on February 11, 1911, he gave notice to the defendant by mailing a letter, postage prepaid, to him at No. 53 State Street, Boston, Mass., stating the time, place and cause of the accident and claiming damages. On the envelope was a notice "return to Room 306, Kimball Building, Boston, Mass." The letter was deposited in the regular mail chute of the Kimball Building and was not returned to the attorney. The defendant denied that he received this letter and testified that he never received any communication from the plaintiff's attorney until he received a letter dated October 22, 1912. Under this statute, St. 1908, c. 305, the due service of a proper notice on the person sought to be charged, is a condition precedent to recovery. *Baird* v. *Baptist Society,* 208 Mass. 29. *Sweet* v. *Pecker,* 223 Mass. 286. Notice is to be given to the person obliged by law to keep the building in repair and "Leaving the notice with the occupant of said premises, or, in case there is no occupant, posting the same in a conspicuous place thereon, shall be a sufficient compliance with the foregoing provisions."

In *Blanchard* v. *Ely,* 179 Mass. 586, which was a petition to enforce a lien under Pub. Sts. c. 192, § 24, requiring a demand for

payment to be "delivered to the debtor or left at his usual place of abode," it was held that demand in proper form, sent by mail, was a compliance with the statute. In that case the notice was received by the defendant at his residence, on the day after it was mailed, but the question decided was that a demand sent by mail was properly served. That case governs the case at bar and a notice sent by mail under St. 1908, c. 305, to the person obliged by law to keep the premises in repair was properly given. There was evidence that a notice in proper form was sent by mail to the defendant and was never returned. This was some evidence that the notice was sent and received. The depositing in the mail chute in the Kimball Building of a letter properly addressed, with the postage prepaid, is *prima facie* evidence that the defendant received it. It is a presumption of fact founded on the probability that the officers of the government will do their duty. *Swampscott Machine Co.* v. *Rice,* 159 Mass. 404. *Johnson* v. *Brown,* 154 Mass. 105, 106. *Huntley* v. *Whittier,* 105 Mass. 391. *Briggs* v. *Hervey,* 130 Mass. 186. As there was evidence that the notice was sent and received, the judge could not say as matter of law that it did not reach the defendant. Notwithstanding his testimony that he did not receive it, it was a question of fact for the jury. *Shea* v. *New York, New Haven, & Hartford Railroad,* 173 Mass. 177, 179. *Elliott* v. *Baker,* 194 Mass. 518.

The language of the statute which permits the leaving of the notice with the occupant of the premises, or if there is no occupant, posting the same in a conspicuous place thereon, provides a convenient way for the giving of the notice where the landlord is unknown or if for any other reason it is difficult to deliver the notice. This language does not imply that a proper notice sent by mail to the defendant is ineffectual. *Blanchard* v. *Ely, supra.*

*Exceptions overruled.*