· STANDARD TIRE AND RUBBER COMPANY *vs.* A. L. RICHARDSON AND BROTHERS, INCORPORATED.

Suffolk. October 17, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Of tenant of upper floor of building, In regard to sprinkler system.

A tenant of the fifth floor of a building owned and maintained there a platform for storing property, which was raised seven feet above the floor. His servants removed a twelve inch beam, which rested on the floor and supported one corner of this platform and left that corner supported by two pieces of joist, two inches by four inches, one of them five feet long and the other two feet long, superimposed on the first, end for end, without their being fastened together, and both resting against the wall. Later the owner of the building, having been ordered by the authorities to do so, placed a sprinkler system on this floor, which included two and one half inch pipes for carrying water. One of these pipes was attached by two spikes to a timber which held up one end of the platform. Later the two foot joist, mentioned above, fell to the floor and let down one corner of the platform, which caused the sprinkler water pipe to break and to flood the floor, causing damage to the property of another tenant on the floor below, who brought an action for this damage against the tenant of the fifth floor. It appeared that the defendant took no part in the installation of the sprinkler system, was not consulted about attaching the pipe to the timber holding up one end of the platform and was not given any control over or responsibility for the repair of the system after it was installed. It also appeared that some vibration of the building was caused by the operation of laundry machinery by the defendant but that this was no greater after the sprinkler system had been put in than before. A trial judge found for the defendant. *Held,* that it was a question of fact, whether on all the evidence the damage was due to negligence, and, if so, whether the negligence was that of the defendant, and that the finding of the trial judge in the defendant's favor on that issue would not be disturbed.

TORT for injury by water to the plaintiff's goods at the premises occupied by him at 104–106 Portland Street in Boston on October

19, 1916, alleged to have been caused by the negligence of the defendant. Writ in the Municipal Court of the City of Boston dated December 29, 1916.

At the trial in the Municipal Court the facts which are stated in the opinion were found by the judge upon the plaintiff's evidence. At the close of the plaintiff's evidence the judge stated that he would hear the plaintiff in regard to its right of action. Thereupon the plaintiff asked the judge to make the following rulings:

"1. On all the evidence the plaintiff is entitled to a finding.

"2. The tenant in occupancy and control of premises is bound to maintain them in such condition that damage will not result to others.

"3. The immediate cause of the damage was the falling of the platform which was in the control of the defendant, and liability will stop with the tenant, whose intervening wrong was the immediate cause of the damage."

The judge refused to make the first ruling requested and, as to the second and third rulings requested, denied the requests in view of the facts found by him.

The judge found for the defendant, and at the request of the plaintiff reported the case to the Appellate Division. The Appellate Division made an order that the report be dismissed; and the plaintiff appealed.

*J. E. Crowley,* for the plaintiff.

*S. W. Mendum,* for the defendant.

DE COURCY, J. The following material facts appear in the report of the trial judge. The plaintiff as tenant occupied the third and fourth floors of a building on Portland and Chardon streets in Boston. The defendant, under a written lease, occupied the fifth floor of the building, directly over the premises of the plaintiff. In the premises of the defendant was a platform or balcony, eight feet wide and forty feet long, raised about seven feet above the floor. This belonged to the defendant and was used for storing property. Some time before the events hereinafter mentioned a twelve inch beam, which rested on the floor and supported a corner of the platform, was removed by the defendant's agents, leaving one corner supported by two pieces of two inch by four inch joist, one of them five and the other two feet

long. These were superimposed end for end, but not fastened together, and rested against the wall.

About eight months after this change the owner of the building, under the order and directions of the fire prevention commission, placed a sprinkler system in the premises occupied by the defendant. It included two and one half inch pipes for carrying water; and one of these pipes was attached by two spikes to a timber holding up one end of the platform. Three or four months later the two foot joist, above described, fell to the floor, and caused one corner of the platform to drop, and break the sprinkler water pipe. A large quantity of water was discharged, and penetrated to the third floor of the building, damaging the property of the plaintiff. The plaintiff's claim to recover for that loss is based on the alleged negligence of the defendant.

The judge's finding imports that the defendant was not negligent as matter of fact; and there was no error in the refusal to give the plaintiff's second and third requests. The first request was denied rightly unless on the facts found it must be said as matter of law that the damage complained of was caused by the defendant's negligence. Some vibration of the building was caused by the operation of its laundry machinery, but it was no greater after the sprinkler system was put in than before. The order given to equip the building with automatic sprinklers was directed to the owner, and not to the tenant. See St. 1914, c. 795, §§ 10, 12. Under the terms of the defendant's lease the owner (lessor) had a right to enter the leased premises and make repairs and alterations, and did in fact install the water pipe which later was broken. So far as the evidence discloses, the defendant took no part in the installation of the sprinkler system, was not consulted about attaching the pipe to the timber holding up one end of the platform, and was not given any control over or responsibility for the repair of the system after it was installed. Looking back after the accident, it may appear that the platform support which fell was insecure; but it had served for a year, including three or four months after the sprinkler system had been completed, and it does not appear that during that period the defendant had notice that it was inadequate or unsafe. It was a question of fact whether on all the evidence the damage was due to negligence, and, if so, whether the negligence was that of the defendant; and the trial

judge decided that issue in the defendant's favor. *Poor* v. *Sears,* 154 Mass. 539. *Feeley* v. *Doyle,* 222 Mass. 155. *Hilden* v. *Naylor,* 223 Mass. 290.

What we have said disposes of the questions raised by the appeal to the Appellate Division. St. 1912, c. 649, §§ 8, 9. The judge may have found that the damage was caused by actual negligence on the part of the landlord or his agent, in attaching the water pipe where and as he did; and cases like *Wixon* v. *Bruce,* 187 Mass. 232, are not applicable.

*Order dismissing the report affirmed.*