REBECCA BYCHOWER *vs.* UNITED CIGAR STORES COMPANY.

SAME *vs.* S. S. KRESGE COMPANY.

Middlesex.    November 11, 1925. — November 12, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Snow and Ice,* Notice. *Nuisance.*

A notice, given to a corporation occupying a building under a lease, whereby it was obligated to keep the building in such repair as might be required to prevent an accumulation of snow and ice on the adjoining sidewalk, by one who was injured by such an accumulation, does not comply with the requirements of G. L. c. 84, § 21; St. 1922, c. 241, if it is merely a copy of a notice addressed to the owner and is contained in an envelope having on its face the name and address of the lessee, since the notice itself in some way ought to have named or described the lessee in order to be the foundation of an action against it.

TWO ACTIONS OF TORT for personal injuries alleged to have been caused when the plaintiff fell on snow and ice accumulated on a sidewalk adjacent to a building which the defendants occupied as lessees. Writs dated February 28, 1923.

In the Superior Court, the actions were tried together before *Fosdick,* J.  Material evidence is described in the opinion.  At the close of the evidence, by order of the judge, verdicts were entered for the defendants and the actions then were reported to this court for determination.

The cases were submitted on briefs.

*S. Sigilman,* for the plaintiff.

*J. M. Morrison,* for the defendants.

BY THE COURT.  These are actions of tort to recover compensation for personal injuries sustained by the plaintiff, while a traveller on the sidewalk of a public street, under circumstances which would warrant a finding that the plaintiff was in the exercise of due care and that the sidewalk was in a defective condition by reason of snow and ice fallen from the building numbered 60 Pleasant Street, Malden, and there accumulated.  The defendant United Cigar Stores Company was in occupation of the building as tenant under a lease, whereby it was obligated to keep the building in such repair as might be required to prevent such an accumulation of snow and ice on the sidewalk.  A notice in due form, directed to the owners of the building by their proper names, was seasonably served on them.  A copy of that notice, not mentioning or naming the tenant, enclosed in an envelope having on its face "United Cigar Stores Co., 60 Pleasant Street, Malden," was delivered seasonably to a clerk of that company at that place.

This did not constitute such notice as is required by G. L. c. 84, § 21, as amended by St. 1922, c. 241.  The case is covered completely in principle by *Sweet* v. *Pecker,* 223 Mass. 286.  The notice in some way ought to have named or described the tenant in order to be the foundation of an action against it.  It is not contended that the S. S. Kresge Company can be held liable.

In each case the

*Verdict is to stand.*