ELIZABETH URBAN vs. LOUIS SIMES.

Suffolk.  November 16, 1926.— May 18, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Snow and Ice*, Notice. *Landlord and Tenant*, Common passageway.
*Words*, "Occupant," "Premises."

Service upon the occupant of one tenement in a six-tenement house of a
notice of injuries received by the occupant of another tenement in the
same house and caused by a fall upon an unusual accumulation of snow
and ice on steps used in common by the tenants and leading to and
from the rear door of the tenement house does not fulfil the require-
ments of G. L. c. 84, § 21, as amended by St. 1922, c. 241, as to leaving
a notice "with the occupant of said premises."

TORT for personal injuries.  Writ dated May 18, 1923.

In the Superior Court, the action was tried before *Burns*, J.
Material evidence is stated in the opinion.  The judge denied
a motion presented by the defendant at the close of the
evidence for a verdict in his favor.  There was a verdict for
the plaintiff in the sum of $400.  The defendant alleged
exceptions.

*E. B. Goldberg*, for the defendant.

*B. J. Killion*, for the plaintiff.

RUGG, C.J.  This is an action of tort wherein the plaintiff
seeks to recover compensation for personal injuries received
by her on the tenth of March, 1923, by reason of slipping
upon an alleged unnatural accumulation of snow and ice
upon the rear steps of the common entrance to a six-family
dwelling house, in one tenement of which the plaintiff lived.
The foundation of the plaintiff's case is that, as she was leav-
ing the rear door of the house, she received injuries by slip-
ping on ice or snow or both on the concrete steps leading
from that door, which there accumulated (as alleged) by
reason of the defendant's negligence as owner of the house
in failing to keep in repair and open a pipe for drawing the
water from the roof, whereby water overflowed from the roof
to the steps.

There was evidence tending to show that within thirty days after the injury written notice in an envelope was handed to a Mrs. Griffin, a tenant in the same house, that she did not read the outside or the contents, but later at a time not stated "gave it to Mr. Joy who did janitor work." Joy testified that he did janitor work for the defendant at the house in question and elsewhere for others, "that he knew Mrs. Griffin; that he did not remember her giving him any envelope." There was no evidence that any notice ever reached the defendant, nor that any notice reached the janitor within thirty days after the injury. The case at bar in this respect differs from *Haverty* v. *Ernst*, 232 Mass. 543. So far as the notice is concerned, the plaintiff's case rests upon service on one of the tenants in a six-tenement house.

It is a condition precedent to the right to maintain this action that notice was given as required by St. 1922, c. 241 (in force at the time of the injury to the plaintiff), amending G. L. c. 84, § 21. *Rankin* v. *Wordell & McGuire Co.* 254 Mass. 109. By that statute it is provided that §§ 18, 19 and 20 of G. L. c. 84, "so far as they relate to notices of injuries resulting from snow or ice, shall apply to actions against persons founded upon the defective condition of their premises, or of adjoining ways, when caused by or consisting in part of snow or ice; provided, that notice within thirty days after the injury shall be sufficient . . . . Such notice may be given by leaving it with the occupant of said premises, or, if there is no occupant, by posting it in a conspicuous place thereon . . . ." The original statute of this nature was St. 1908, c. 305, which did not differ in any material particular, so far as concerns the questions raised in the case at bar, from the present statute.

The manifest purpose of any statute of this nature, requiring a preliminary notice to the person against whom it is sought to establish liability, is that the information contained in such notice shall seasonably reach such person. The decisions hitherto rendered show that this statute is no exception to that general design. It was said by Hammond, J., in *Baird* v. *Baptist Society*, 208 Mass. 29, 32, where St. 1908, c. 305, first was before the court for interpretation,

"In our climate defects so far as caused by ice or snow may be very transient; and the manifest purpose of this and similar statutes is to give to the person charged with neglect prompt notice, so that he may have a reasonable chance to examine into the cause of complaint and collect evidence of the facts." In *Sweet* v. *Pecker*, 223 Mass. 286, both the owner and the lessee, who had exclusive control of the premises, were made defendants. Notice was served on the owner. The plaintiff having discontinued against the owner, it was held that the action could not be maintained against the lessee without proof of notice to him, and that leaving with the lessee copy of the notice to the owner was not a compliance with the statute, the court saying at page 287, "The conclusive answer to the plaintiff's claim against them, however, is that he failed to give them, as the persons sought to be charged, the notice which is a condition precedent to his right of action under the statute." This decision was followed in *Bychower* v. *United Cigar Stores Co.* 253 Mass. 542. In *Tobin* v. *Taintor*, 229 Mass. 174, 175, occur these words: "Under this statute, St. 1908, c. 305, the due service of a proper notice on the person sought to be charged, is a condition precedent to recover. . . . Notice is to be given to the person obliged by law to keep the building in repair and 'Leaving the notice with the occupant of said premises, or, in case there is no occupant, posting the same in a conspicuous place thereon, shall be a sufficient compliance with the foregoing provisions.' "

The premises of the defendant on which the plaintiff was injured were the common steps leading to and from the rear door of the six-tenement house owned by the defendant. It was on these steps that there was accumulation of snow and ice. These may have remained in the control of the defendant under the doctrine of *Flanagan* v. *Welch*, 220 Mass. 186. The plaintiff's case seemingly proceeds on that theory. But however that may be, there was no evidence that these steps were a part of the tenement or "premises" of which Mrs. Griffin (to whom the notice was given) was "the occupant." If the six-tenement house be treated as the "premises," plainly she was not "the occupant" of that

house but the occupant of only a small part of it.   She was not an occupant of the premises of the defendant where the injury to the plaintiff occurred within any permissible meaning of the words "occupant" and "premises."   *Cunningham* v. *Cambridge Savings Bank,* 138 Mass. 480.   *Commonwealth* v. *Watson,* 97 Mass. 562.   See *Wixon* v. *Bruce,* 187 Mass. 232.   It follows that the plaintiff failed utterly to show compliance with the condition precedent to the maintenance of her action by giving such a notice as was required by St. 1922, c. 241.

There is nothing in *Sullivan* v. *Wilson,* 213 Mass. 342, at variance with this conclusion.   It there was held that it was not a sufficient service under the statute to post the notice in a conspicuous place on a building of several tenements when one of them was occupied.   That is very different from saying that service upon one of several tenants satisfies the requirement that notice may be served on "the occupant of said premises."

The request of the defendant for a directed verdict in his favor ought to have been granted.   The case seems to have been fully tried on this point.   Hence the exceptions are sustained and in accordance with G. L. c. 231, § 122, judgment may be entered for the defendant.

*So ordered.*