FRANK J. DORAN *vs.* SUSAN BRITTO.

PEMBROKE PLUMBING & HEATING CO. *vs.* SAME.

FIOCCA & MARTINUZZI, INC., *vs.* SAME.

THE OUTLET CO. *vs.* SAME.

JUNE 30, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

426

HAHN, J. These are petitions to establish mechanics' liens on property situated in the city of Providence. Rose Rubin, an attaching creditor, and State Lumber Co., Inc., holder of a mortgage on said property, were made parties respondent to the proceedings. After consolidation and hearing of the petitions in the Superior Court, a final decree was entered establishing mechanics' liens as follows: for Pembroke Plumbing & Heating Co., $900 and costs, and for Fiocca & Martinuzzi, Inc., $198.25 and costs; and awarding to said Lumber Co. a mortgage lien and counsel fee totaling $5,867.50. The decree denied and dismissed the claims of the remaining petitioners. The matter is in this court on the appeals of State Lumber Co., Inc., and Rose Rubin from this decree.

The lien of the Pembroke Plumbing & Heating Co. is, by the decree, established in the sum of $900 and costs. Respondent Rubin in her appeal questions the validity of the service of the notice of this lien, by registered mail, upon respondent Susan Britto, who resided outside of Rhode Island. Section 5 of Chapter 301, General Laws 1923, provides as follows: " . . . and provided further, that no lien shall attach for materials furnished unless the person furnishing the same shall, within sixty days after such materials are placed upon the land, give notice in writing to the owner of the property to be affected by the lien (if such owner be not the purchaser of the materials) that he intends to claim such lien . . . and if such owner cannot be found and has no place of abode within the state the said notice may be served by posting it on said land."

The notice in this instance was given by registered mail to the owner Susan Britto at her address in Rehoboth, Massachusetts, and the lienor received a return receipt bearing the purported signature of said Susan Britto.

In considering, under another statute, what is necessary in serving "written notice" this court, in *Cranston Print Works* v. *Whalen*, 27 R. I. 445, said: "the statute requires written notice to terminate a letting from month to month, but does not prescribe either the form of notice nor any particular mode in which it must be served. Where the notice is mailed to the tenant or given to his wife or agent of his appointment, the usual presumptions arise that it has been received by him." See also *Brost* v. *Whitall Tatum Co.*, 89 N. J. Law 531, wherein the court said: "where a statute provides for notice but does not prescribe the manner of service, it is sufficient if actual notice to the person affected is given." And see *Blanchard* v. *Ely*, 179 Mass. 586; *W. U. Tel. Co.* v. *Bailey*, 115 Ga. 725; *Dusick* v. *Green*, 118 Wisc. 240.

In the instant case the evidence shows that written notice was mailed to the owner and that a "return receipt" bearing the owner's signature was returned to petitioner. This is "written notice" within the meaning of the statute. In *Bova* v. *Norigian*, 28 R. I. 319, this court said: "Where the law prescribes written notice as a method of giving information, no doubt the receipt of a letter containing the information would be conclusive proof of knowledge for the purposes of the case. Whether as a matter of fact the recipient had read or could read the letter would make no difference, because the sender had fully complied with the direction of the law." The notice was sufficient and the objection thereto is without merit.

The mortgagee alleges, as one ground for appeal, the fact that the decree of sale authorizes the commissioner to sell the premises free and clear of incumbrances and argues that mechanics' liens should be established only against the interest of Susan Britto and that her husband's out-

standing right of curtesy initiate cannot be sold for the benefit of the lienors. By the mortgage deed this right of curtesy was released to the mortgagee.

Section 16, Chapter 301, General Laws 1923, under which the sale is ordered, in stating that the "interest of the person respondent" therein may be sold, gives the court the right—if the circumstances warrant—to order a sale free and clear of all incumbrances so that the purchaser may obtain a clear and marketable title to the property. This is particularly necessary where the primary incumbrance is a mortgage in which the right of dower or curtesy is released. If the sale was held by the mortgagee, clear title would be given and the balance over and above the amount of the mortgage would be subject to liens and such claims as others may have in the property. To offer less than a clear marketable title would undoubtedly result in a substantial diminution of the sale value of the property and thereby the mortgagee would be deprived of the vested and valuable rights to conduct such a sale. We find no error in the decision of the court below decreeing a sale free and clear of incumbrances.

The mortgagee pressed his appeal also on the ground that the decree denies a lien for $804.65 for the value of materials delivered on said premises in accordance with a written agreement hereinafter referred to.

It appeared in evidence that Susan Britto, who owned the land in question, arranged to construct a house thereon; that the State Lumber Co., Inc., agreed to furnish money and materials for the construction and received and recorded a mortgage for $8,000 on the property; and that by an unrecorded written agreement with the said Susan Britto said Lumber Co. was not bound to advance more than $5,500 under the mortgage, but that the mortgage was to cover, in addition to said sum, an indefinite amount which might become due said Lumber Co. for materials delivered by it on the premises. The company advanced $5,500 and in addition delivered certain materials to the value of

$804.65, which sum for materials was not allowed in the decree. This respondent in its appeal contends that this additional sum should have been allowed.

In *Blackmar* v. *Sharp,* 23 R. I. at 419, citing 1 Jones on Mortgages, § 364, it was held that advances which the mortgagee "is under obligation to make" take precedence over subsequent incumbrances upon the property. In *Gray* v. *McClellan,* 214 Mass. 92, the court says: "if the amount for which the mortgage shall stand is wholly optional with the mortgagee, he cannot after notice that liens have attached, deplete the value of the equity to the disadvantage of the lienors, by payments which if refused could not have been enforced." See also 41 C. J., p. 526.

As we have above pointed out, the property may be sold free from the mortgage lien. The curtesy interest of the husband of respondent Susan Britto may be sold also because he has released said interest to the mortgagee. The lienors, however, have no claim upon the interest of the husband, who was not a party to any agreement with them. Their liens attach only to the interest of the wife, Susan Britto, and are subject to the amount of the lien established by the Superior Court in favor of the mortgagee and also subject to the value of the husband's curtesy interest. Said interest is, however, subject to a lien in favor of the State Lumber Co., Inc., for any sum due for materials, because said husband released his interest, up to $8,000, to said company.

From the proceeds of the sale said Lumber Co. is entitled to receive $5,867.50, the amount awarded by the Superior Court. The husband's curtesy interest in the balance must then be deducted. Said interest will be subject to a lien for $804.65 in favor of said company.

The appeal of Rose Rubin is denied and dismissed.

The appeal of the State Lumber Co., Inc., is sustained and the decree appealed from is modified by establishing the demand of said company for $804.65 against said

curtesy interest. In all other respects said decree is affirmed.

On July 5, 1932, the parties may present for our approval a form of decree to be entered in the Superior Court.

*Adler & Flint, Walter Adler, David G. Geffner,* for Pembroke Plumbing & Heating Co.

*Edwin J. Tetlow, Walter J. Hennessey,* for Fiocca & Martinuzzi, Inc.

*George Roche, Max Winograd, William J. Carlos,* for State Lumber Co.