WILLIAM A. LINDAHL *vs.* HELEN SULLIVAN. March 6, 1972. In this action in tort the plaintiff seeks damages for injuries sustained

when he fell on a patch of ice on a public sidewalk adjacent to the defendant's premises. In his opening the plaintiff's counsel said he would prove that as a result of a broken drain pipe on the defendant's house, "when it rained during the winter time, water would naturally flow down the drain pipe and . . . discharge onto the public sidewalk" where it would freeze in cold weather. The case is here on the plaintiff's exception to an order of the judge directing a verdict for the defendant on the opening, after plaintiff's counsel conceded that no "snow and ice" notice had been given to anyone under G. L. c. 84, § 21, as amended by St. 1955, c. 505. The plaintiff argues that such a notice was not required because his action was based on the defendant's negligent maintenance of a broken drain pipe and not upon a "defective condition . . . of adjoining ways, when caused by or consisting in part of snow or ice resulting from rain or snow and weather conditions," as such words are used in the statute. The notice was nonetheless required, and this argument is without merit. See *Baird* v. *Baptist Soc.* 208 Mass. 29, 32, *Roland* v. *Kilroy*, 282 Mass. 87, 88–90, and *Souza* v. *Torphy*, 336 Mass. 584. The plaintiff also argues that the statute requires notice only to an "owner" and that no notice was required here because in his opening he stated that the defendant "owned and managed" the premises in question. The notice requirement applies generally to all persons sought to be charged with liability. See *Sweet* v. *Pecker*, 223 Mass. 286, and *Bychower* v. *United Cigar Stores Co.* 253 Mass. 542. Finally, the plaintiff asserts in his brief that the statute violates various specified provisions of the Massachusetts and United States Constitutions. His treatment of these serious assertions in his brief amounts to little more than the making of the assertions. We would be justified in declining to consider them for failure to argue them. S. J. C. Rule 1:13, 351 Mass. 738. *Commonwealth* v. *Martin*, 358 Mass. 282, 290. Instead we conclude that on the meager record before us the plaintiff has not sustained his burden of overcoming the presumption of constitutionality of legislative enactments. "The presumption of constitutionality must prevail in the absence of some factual foundation specifically set forth in the record for overthrowing the statute." *Commonwealth* v. *Leis*, 355 Mass. 189, concurring opinion, p. 200. *Pinnick* v. *Cleary*, 360 Mass. 1, concurring opinion, p. 32.

*Exceptions overruled.*

*Edward D. McCarthy* for the plaintiff.
*David A. Barry* for the defendant.