VERONICA A. LEONE *vs.* RICHARD R. DORAN & others.   June 13, 1973.
This action in tort to recover damages for personal injuries was
previously before us on the exceptions of the three defendants Richard
R. Doran, John F. Ridge and Patrick J. McDonough.   However, only
the plaintiff's attorney and McDonough's attorneys filed briefs or
argued the matter before us.   At the time of argument before this
court, counsel for the plaintiff and the defendant McDonough an-
swered in the negative when the court inquired whether counsel were
aware of any reason why judgments should not enter on the verdicts
against Doran and Ridge.   Thereafter, in substance, we (1) sus-
tained McDonough's exceptions, set aside the verdict against him,
and ordered that a new trial against him should be had provided that
the declaration against him was seasonably and appropriately
amended, and (2) dismissed the bill of exceptions as to Doran and
Ridge and ordered that judgments should enter for the plaintiff as to
the jury verdicts against Doran and Ridge, by reason of their fail-
ure to file briefs with this court.   *Leone* v. *Doran, ante,* 1.   See
S.J.C. Rule 1:13, 351 Mass. 738.   Thereafter, Doran and Ridge filed a
motion to recall the rescript, set aside the order for judgments for
the plaintiff, and for leave to file briefs and argue the bill of excep-
tions.   The motion was referred to a single justice of this court, with
directions by the full court to hold an evidentiary hearing as to the
reasons why Doran and Ridge did not comply with the rules of this
court.   The single justice, on motion of Doran and Ridge, ordered
an indefinite stay of execution.   He then held an evidentiary hear-
ing, and thereafter made findings, inter alia, that the liability insurer
was in substantial control of the conduct of the trial and appellate
review of the case; that at all times the liability insurer intended
that the bill of exceptions of Ridge and Doran should be prosecuted;
and that the failure to file briefs in this court was due to a failure by
an attorney retained by the insurer (not the same attorney who rep-
resented the insurer at the trial of the case) to understand his duties
in the matter and to execute those duties.   We accept the findings of
the single justice, and we conclude that the moving parties shall be
granted relief substantially as they requested.   We observe that in
some instances we have examined the merits despite noncompliance
with Rule 1:13, *supra.*   See *Travelers Ins. Co.* v. *Safeguard Ins. Co.*
346 Mass. 622, 623; *Commonwealth* v. *Gardner,* 350 Mass. 664, 665;
*Lindahl* v. *Sullivan,* 361 Mass. 863, 864; *Commonwealth* v. *Flynn,* 362
Mass. 455, 468.   Further, it would serve no useful purpose at this time
to require that briefs and arguments be filed on behalf of Doran and
Ridge.   In the prior opinion we said that "the trial was permeated
with error affecting all defendants."   *Ante,* at 19, fn. 4.   Accordingly,
we vacate so much of the previous rescript (see *ante,* at 19), as ordered
the dismissal of the bill of exceptions as to Ridge and Doran and
ordered that judgments enter for the plaintiff as to the verdicts against.
Ridge and Doran.   The exceptions of Ridge and Doran are sustained
and a new trial is to be had against them on all issues.

*So ordered.*

The case was submitted on briefs.
*Richard Wait, Charles F. Choate, Thomas F. Maffei, & Kathleen
O'Dea* for the defendants Doran & another.
*Lovell S. Spaulding* for the plaintiff.