MARTHA J. FIELD *vs.* ROBERT GOWDY.

Hampden.    September 22, 1908. — October 19, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Nuisance. Municipal Corporations,* By-laws and ordinances. *Evidence,* Violation of ordinance as evidence of maintenance of nuisance, Of experiments, Photographs.

In an action against one in control of a house for personal injuries alleged to have been incurred while travelling on a public sidewalk by reason of a nuisance maintained by the defendant, if there is evidence that from two spouts on the defendant's house, one about eleven feet from the street line and the other a number of feet nearer, water was conducted from the roof and turned upon a concrete walk of the defendant, from whence by reason of the natural grade of the walk it flowed to the sidewalk, where it froze in a ridge about three inches in thickness in the middle, this is sufficient to warrant a finding that the defendant collected the surface water in an artificial course and poured it upon the public way in such a manner as to create a nuisance.

In an action against one in control of a house for personal injuries alleged to have been incurred while travelling on a public sidewalk by reason of a nuisance maintained by the defendant, if there is evidence warranting a finding that the defendant collected the surface water from his roof in an artificial course and poured it upon the sidewalk in such a manner as to create a nuisance by freezing in a ridge, it is no defense for him to show that there was a depression or

gully in the sidewalk, into which the water from his spout flowed and froze, and that but for this defect in the sidewalk the water would have run off before it froze, as a landowner in turning water upon a public way is bound to take into account its actual condition and to determine at his peril whether his act in conjunction with the condition of the way will create a nuisance.

One in control of a house maintaining spouts which collect surface water from his roof and pour it upon the sidewalk of a public way in such a manner as to cause a nuisance in freezing weather, is liable for an injury thus caused if by the exercise of ordinary care he would have known that the storm water from his house in conjunction with a depression or gully in the sidewalk produced a dangerous condition.

A by-law of a town, providing that "No person shall permit water from the eaves or leader pipes of any building owned or cared for by him to be discharged upon the sidewalk — or make or permit any drain, sluice, gulley or conduit upon his land to discharge water upon the sidewalk — " not only prohibits a direct and immediate discharge of water upon a sidewalk without any intervening agency, but includes as well cases where a house standing back from the street is so fitted with eaves and leader pipes that the collected water flows down an inclined concrete walk on the land of the householder to the sidewalk of a highway.

In an action against one in control of a house for personal injuries alleged to have been incurred while travelling on a public sidewalk by reason of a nuisance maintained by the defendant, where there is evidence warranting a finding that the defendant collected the surface water from his roof by spouts which poured it upon the sidewalk in such a manner as to create a nuisance by freezing in a ridge, it is proper to admit in evidence a by-law of the town in which the house is situated prohibiting the discharge of water upon a sidewalk from the eaves or leader pipes of any building, of which the acts of the defendant were a violation, such violation of the by-law being competent evidence to be considered with all the other circumstances as bearing upon the question of the maintenance of a nuisance by the defendant, although not conclusive upon that issue.

In an action against one in control of a house for personal injuries alleged to have been incurred while travelling on a public sidewalk by reason of a nuisance maintained by the defendant, where there was evidence warranting a finding that the defendant collected the surface water from his roof by spouts which poured it upon an inclined concrete walk on the land of the defendant, down which it flowed to the sidewalk of a public way in such a manner as to create a nuisance by freezing in a ridge, the defendant offered evidence to show that since the accident there had been no changes in the grade, the ground or the laying out of the defendant's premises, the walk or the eaves spouts, and then offered a photograph taken while the trial was in progress during a rain storm of much greater severity than any occurring near the time of the accident, for the purpose of showing the directions taken by water thrown from the spouts and after it reached the defendant's walk, and that such water did not and could not flow to the public sidewalk. The judge excluded the photograph. The defendant excepted to its exclusion. The ground of the judge's ruling was not stated. A photograph of the place when there was no storm was admitted in evidence. *Held,* that the photograph excluded was at the best a photograph of an experiment, and that it was the duty of the judge to determine, as a matter of discretion, the preliminary question whether the conditions were sufficiently similar to make the observation recorded in the photograph of any value in aiding the

jury to pass upon the issue to be submitted to them, that the exercise of this discretion could not be interfered with unless plainly wrong, and that there was nothing in the present case to show that the exclusion of the photograph was error.

TORT for personal injuries incurred at about six o'clock in the afternoon of December 12, 1904, while the plaintiff was travelling on foot over a concrete sidewalk on Chapel Street, a public way in the town of Westfield, from falling by reason of stepping on a ridge of ice formed from water which had flowed upon the sidewalk from spouts upon the house of the defendant. Writ dated January 20, 1905.

In the Superior Court the case was tried before *Hitchcock,* J. The facts which could have been found upon the evidence presented at the trial are stated in the opinion. The judge refused to rule that the plaintiff was not entitled to recover, and also refused to make other rulings requested by the defendant, making the rulings which are described in the opinion. The jury returned a verdict for the plaintiff in the sum of $900; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. W. Ely & J. B. Ely,* for the defendant.

*R. J. Morrissey, J. B. Carroll & W. H. McClintock,* for the plaintiff.

RUGG, J. This is an action of tort by the plaintiff, a traveller upon a public sidewalk, against the defendant, an abutting landowner, for collecting water from his roof and conducting it through a spout to his own walk, whence it flowed by natural slant to the public walk and froze, so that the plaintiff while walking with due care after dark on a December day slipped and was injured.

1. The refusal of the trial judge to rule that the plaintiff was not entitled to recover was correct. There was evidence that the plaintiff was in the exercise of due care. A landowner has a right to change the surface of his lot, or improve it by the construction of buildings or by other means, in any lawful manner, and if the natural course of surface water is thereby altered no liability is imposed on him. But he has no right to collect water into a definite channel by a spout or otherwise and pour it upon a public way. If he does this and through the operation of natu-

ral causes the water freezes, he is the efficient cause in the creation of a nuisance and is liable for whatever damage ensues as a probable consequence.  *Cavanagh* v. *Block*, 192 Mass. 63.  *Hynes* v. *Brewer*, 194 Mass. 435.  *Leahan* v. *Cochran*, 178 Mass. 566. There was evidence tending to show that from two spouts on the defendant's house, one about eleven feet from the street line and the other nearer by the width of a piazza, water was collected from the roof and turned upon his concrete walk, and by the natural grade of the walk, flowed to the sidewalk where it froze in a ridge across the width of the public walk about three inches in thickness in the middle.  This was sufficient to warrant a finding that the defendant collected the surface water in an artificial course and poured it upon the public way in such a manner as to create a nuisance.  *Moore* v. *Gadsen*, 87 N. Y. 84, is distinguishable on the ground that no water was there collected in a definite channel ; that falling upon the lot was permitted to flow according to gravity without being gathered.

2.  There was evidence from which it was argued that there was a depression or gully in the sidewalk, into which the water from the defendant's spout flowed and froze.  Upon this aspect the defendant asked for rulings in substance that the plaintiff could not recover, if the water would have run off, but for the defect in the sidewalk, and that the defendant in maintaining his premises was not obliged to take into account the effect of this condition.  This request was refused, and the jury instructed that if the defendant materially contributed to the cause of the defect, which occasioned the plaintiff's injury, he would not be excused because some other cause also contributed, and that if the defendant's conductor was a nuisance and water from it froze on the sidewalk, so as to be dangerous, the defendant would be liable, even if the sidewalk was otherwise dangerous.  No error is here disclosed.  The town and the defendant were not joint tortfeasors in producing the dangerous condition of the sidewalk, which resulted in the plaintiff's injury, yet if each contributed an efficient causal factor, either may be liable.  *Mooney* v. *Edison Electric Illuminating Co.* 185 Mass. 547.  *Lowell* v. *Glidden*, 159 Mass. 317.  *Boston* v. *Coon*, 175 Mass. 283.  A landowner in turning water upon a public way is bound to take into account its actual condition, and determine at his peril

whether his act in conjunction with the way, as it exists from time to time, will create a nuisance. A defect in a highway, when bare, may be so conjoined with snow or ice that both together may operate as a proximate cause, to which an injury may be attributed. *Newton* v. *Worcester*, 174 Mass. 181, 187. An abutting landowner can no more rely upon perfection of conduct in the public officers having charge of highways than upon like conduct in an individual to shield himself from the consequences of his own tortious act. If both are wrongdoers and both contribute to the injury as a cause, each may be liable, though there is no concert of action. *Corey* v. *Havener*, 182 Mass. 250. The verdict of the jury has established the fact of the defendant's wrongdoing. Even though this wrongful act alone may not have been a sufficient cause for the plaintiff's injury, but working concurrently with another wrongful act of a third person, both being efficient causes, the harm is occasioned to the plaintiff, either may be liable. *Feneff* v. *Boston & Maine Railroad*, 196 Mass. 575. In the requests of the defendant, the concurrent operation of two causal wrongful agencies in the creation of the dangerous situation was omitted, and they were properly refused, while the instructions given conformed to the law.

3. The defendant has argued in his brief that there was no evidence as to the length of time the defect in the sidewalk had existed, but that point does not appear to have been raised at the trial, and the portion of the charge dealing with it is not reported. It is now too late to raise the question. The defense was apparently directed to the point that water from the spouts did not flow over the sidewalk. If the defendant had in the exercise of ordinary prudence reasonable notice that his storm water, in conjunction with any other cause, produced a dangerous condition, he is responsible. *Davis* v. *Rich*, 180 Mass. 235.

4. There was admitted in evidence, subject to the defendant's exception, a by-law of the town of Westfield that " No person shall permit water from the eaves or leader pipes of any building owned or cared for by him to be discharged upon the sidewalk — or make or permit any drain, sluice, gully or conduit upon his land to discharge water upon the sidewalk — " It is contended that there was no evidence of a violation of this by-

law, and that hence it should have been excluded. Its language does not prohibit alone direct and immediate discharge without any intervening agency, but includes as well cases where the house, standing back from the street line, is so fitted with eaves and leader pipes that the collected waters flow with accelerated volume and directed force to the highway. The walk of the defendant may have been found to act as a trough to carry the water from the spout to the sidewalk. There being some evidence of the violation of the by-law, it was competent evidence, to be considered with all the other circumstances, as bearing upon the liability of the defendant, although not conclusively establishing it. *McCarthy* v. *Morse,* 197 Mass. 332. The defendant's request for instruction * upon this branch of the case did not accurately state the law as applicable to the language of the by-law and the other circumstances, and was properly refused. The by-law was not offered for the purpose of establishing a duty on the part of the defendant, violation of which was the sole foundation of the plaintiff's action. The existence of a nuisance cannot be predicated solely upon violation of a municipal ordinance, when the act prohibited is in itself indifferent and no duty exists apart from the ordinance. *Dahlin* v. *Walsh,* 192 Mass. 163. But there was independent affirmative testimony of the tortious act of the defendant in turning the water upon the sidewalk, which subsequently congealed and injured the plaintiff. That this act, which might have been found wrongful in itself, was also a violation of a by-law was a circumstance to be weighed with all other evidence bearing upon the issue. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. *Newcomb* v. *Boston Protective Department,* 146 Mass. 596. *Glassey* v. *Worcester Consolidated Street Railway,* 185 Mass. 315. See *Doherty* v. *Ayer,* 197 Mass. 241.

5. The defendant, having offered to show that, since the accident to the plaintiff, there had been no change in any of

---

* The instruction here referred to, which was requested by the defendant and was refused by the judge, was as follows: " 4. The by-laws of the town are in no event conclusive, if infringed by the defendant, on the question of liability, and are not to be considered as having any bearing on the case at all, unless the jury can find that the water discharged directly from the conductor on to the public walk."

the material facts on the face of the earth, proffered a photograph taken in the course of the trial during a rain storm of much greater severity than any occurring near the time of the accident, for the purpose of showing the direction taken by water thrown from the spout and after it reached the defendant's walk and that such water could not and did not flow to the public walk. To the exclusion of this evidence the defendant excepted. The ground of this ruling is not stated. A photograph of the place, when there was no storm, was admitted in evidence. That excluded was at best a photograph of an experiment. A photograph has no higher character as evidence than the experiment itself. Whether the conditions were sufficiently similar to make the observation of any value in aiding the jury to pass upon the issue submitted to them was primarily for the trial judge to determine as a matter of discretion. His decision in this respect will not be interfered with unless plainly wrong. Such observations and experiments, though sometimes admitted, have often been excluded in the discretion of the presiding judge. There is nothing in the present case to show that the exclusion of the photograph was error. *Farrell* v. *Weitz*, 160 Mass. 288. *Dow* v. *Bulfinch*, 192 Mass. 281. *Commonwealth* v. *Tucker*, 189 Mass. 457, 478. *Baker* v. *Harrington*, 196 Mass. 339. The other exceptions were either waived, or were not argued and are treated as waived.

*Exceptions overruled.*