HATTIE E. DRAKE vs. HELEN L. TAYLOR & others.

Middlesex.    November 12, 1909. — November 22, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Nuisance.  Negligence,* Of one owning or controlling real estate.  *Ice and Snow.*

At the trial of an action for personal injuries sustained by the plaintiff from a fall
caused by slipping after dark on an evening in January upon ice on a public
highway in front of the premises of the defendant, there was evidence tending
to show that on the morning of the day of the fall there were several inches of
fresh snow on the roof and veranda of the defendant's house, that the roof and
veranda were drained by a conductor which on other occasions, when the con-
ductor was in the same condition as at the time of the accident, had discharged
water freely and that such water had flowed " all over the sidewalk " at the
place where the plaintiff fell, that there had been considerable thawing during
the day of the injury to the plaintiff and that there was freezing at night, and
that the plaintiff fell on ice at a point about two feet from the end of the spout.
*Held,* that the question whether the plaintiff's injury was caused by a nuisance
created by the defendant was for the jury.

TORT for personal injuries received by the plaintiff from a
fall upon a public sidewalk in front of the premises of the de-
fendants. Writ in the Superior Court dated March 16, 1907.

The case was tried before *Hardy,* J.  The facts are stated in
the opinion.  At the close of the evidence, the defendants asked
the presiding judge to rule that the plaintiff had " failed to
make out, or maintain her said action."  The request was re-
fused and the defendants excepted.  The jury found for the
plaintiff; and the defendants alleged exceptions.

*C. R. Morse,* for the defendants.

*G. R. Farnum,* (*I. Fox* with him,) for the plaintiff.

RUGG, J.  The principle of law which governs this case is
plain.  A landowner who collects water into a definite channel
by a spout or otherwise and pours it upon a public way whereby,
through the operation of natural causes, ice there forms, is the
efficient cause in the creation of a nuisance and is liable for
whatever damage results as a probable consequence.  Among
such consequences may be the slipping and injury of a travel-
ler using due care.  *Field* v. *Gowdy,* 199 Mass. 568.  *Coman* v.
*Alles,* 198 Mass. 99.

The defendants maintained a conductor through which water might pass upon a public sidewalk. Their only contention is that the ice upon which the plaintiff fell and received her injuries was not formed of water from that source. There was evidence tending to show that on the morning of the day of the accident* several inches of fresh snow were on the roof and veranda drained by the defendants' conductor; that it thawed a good deal during the day and was freezing at night; that on other occasions, when the spout and conductor were in the same condition as at the time of the injury to the plaintiff, water was discharged freely from the conductor and flowed "all over the sidewalk" and "all along towards Newcomb Street"; and that the place where the plaintiff slipped was about two feet toward Newcomb Street from the end of the spout. There was other testimony tending strongly to contradict this and to show that there was no ice the existence of which could be traced to the defendants' conductor. But all these divergent statements were for the jury to weigh, and it could not have been ruled as matter of law that the defendants must be exonerated.

*Exceptions overruled.*

---

* The plaintiff's fall occurred between six and seven o'clock in the evening of January 29, 1907, after dark.