ROSE A. MARSTON *vs.* BENJAMIN PHIPPS & another.

Suffolk.    June 19, 1911. — September 5, 1911.

Present: MORTON, HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* In use of highway.    *Nuisance.    Ice and Snow.    Way,* Public.    *Practice, Civil,* Parties, Misjoinder of counts.

At the trial of an action against the owner of a house abutting upon the highway for injuries alleged to have been caused by the plaintiff slipping upon a ridge of ice caused by drippings from eaves of the defendant's building which overhung the way, the plaintiff testified in direct examination that upon a slippery, misty morning she was approaching a store in the defendant's building by walking in a dry place close to the building as the rest of the sidewalk was covered with ice, that as she walked she looked down for five or six feet ahead of her and that there was nothing to prevent her seeing any ice that was there, that when she got opposite the door of the store she stepped upon the ridge of ice in question and fell, that the ridge of ice was not more than four or five inches wide and stood up two or three inches across the dry bricks. In cross-examination she testified that she could not account for her not seeing the ridge of ice.  *Held,* that the question of the plaintiff's due care was for the jury.

Where, at the trial of an action against the owner of a building to recover for injuries alleged to have been caused by the plaintiff slipping upon a ridge of ice alleged to have been formed by water dripping from the roof of a bay window of the building which overhung the sidewalk, there is evidence from which the jury might find that the roof projected so that snow would and did accumulate upon its top and there melt and drip upon the sidewalk and freeze, and that the ridge of ice upon which the plaintiff fell was formed thus, the case is for the jury although different parts of the building may have been occupied by various tenants at will, especially if there is evidence that the defendant procured and paid for all the repairs that were made upon the building and assumed the care of keeping the sidewalk clear of snow and ice, employing one of the tenants to do it for him.

Since a landlord is responsible for injuries resulting to third persons from the maintenance upon his property in the possession of a tenant of a nuisance caused by a condition of the premises which was in existence at the time when they were let, the owner of a building, so constructed that a bay window overhangs a public sidewalk and drippings from it cause a ridge of ice upon the sidewalk, is liable to one who, while in the exercise of due care, was injured from a fall upon the ice, although the premises were in the possession of a tenant.

If a declaration in an action of tort against two defendants contains three counts, each of which alleges that the plaintiff was injured by falling upon ice negligently allowed to accumulate in front of certain premises, the first count being against both defendants and the second count against one defendant and the third against the other, and if one of the defendants has died after the injury to the plaintiff and before the bringing of the action but the officer who served the writ makes a return of service at that defendant's "last and usual place of abode" and the other defendant files an answer and a suggestion of the

death of his co-defendant but does not demur to the declaration, the case properly may proceed to trial against the only defendant served upon and answering and upon the count which sets out a cause of action against him alone.

TORT for personal injuries alleged to have been caused by the plaintiff slipping on March 22, 1906, upon a ridge of ice in front of premises numbered 341 on Main Street in that part of Boston called Charlestown. Writ dated May 19, 1906.

Benjamin Phipps and Sarah C. Phipps were named as defendants in the writ. Benjamin died on May 1, 1906, testate. There was an officer's return of service upon Benjamin "at his last and usual place of abode." There was no appearance or answer on behalf of Benjamin's heirs or legal representatives. Sarah appeared and filed an answer and a suggestion of the death of Benjamin. She filed no demurrer to the declaration, which was in three counts, the first against Benjamin and Sarah, the second against Benjamin only, and the third against Sarah only.

In the Superior Court the case was tried before *Dana*, J. It was undisputed that the premises numbered 341 Main Street were owned at the date of the accident and for some time before by Benjamin Phipps and Sarah C. Phipps as tenants in common; that the store on the ground floor was occupied by a man named Pitman, a tenant at will, and the upper rooms by a man named Farley, a tenant at will.

On the question of her due care, the plaintiff testified that she lived in a near by house on the same side of Main Street as the defendant's building; that on the morning of the accident she left her house to go to Pitman's grocery; that she had a milk pitcher in her hand; "that she was walking along very carefully as the sidewalk was covered with ice, and she saw a dry space up by the building, and she thought she would walk up there to prevent herself falling, so, when she got opposite the door, she stepped on this piece of ice and fell down; that the dry space was wide enough to walk along carefully; that the piece of ice she fell on was right in front of the store door; that she had not seen the ice before she fell on it; that it was slightly misting that morning." On cross-examination, she testified that between that dry space and the edge of the sidewalk was all ice, "just iced over, as if it had rained and frozen on"; that, as she was walking, she looked down for five or six feet ahead of her and

there was nothing to prevent her seeing any ice that was there. Q. "How do you account for it that you didn't happen to see it, if it was a ridge two inches wide or two inches thick, that stood right up there in your pathway, — how do you account for it that you didn't happen to see it?" A. "Well, because I didn't, I cannot say, only that I didn't see it. I was walking along and didn't see it until I fell on it." She further testified that the ridge of ice extended "right out from about the middle of the doorway of the store towards the centre of the sidewalk, — it was not more than four or five inches wide and stood up two or three inches across the dry bricks."

Other facts are stated in the opinion.

At the close of the evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*F. T. Leahy*, for the plaintiff.

*J. K. Berry, E. C. Upton & G. S. Harvey*, for the defendants.

SHELDON, J. This case was tried against the female defendant alone, the other defendant named in the writ being dead. There was evidence for the jury on the question of the plaintiff's due care. Knowlton, C. J., in *Cavanagh* v. *Block*, 192 Mass. 63, 64, and cases cited. The jury could have found also that her injury was due to her having slipped on a ridge of ice upon the sidewalk. They could have found that the bay window on the defendant's building projected beyond the street line and over the sidewalk, so that snow would and did accumulate upon its top and there melt and drip from the sloping planes which formed its top and roof, and so fall upon the sidewalk. They could have found further, although as to this the evidence was meagre, that the ridge of ice upon which the plaintiff fell had been formed in this way, by the freezing of water which had dripped from the projecting bay window.

Upon such findings the plaintiff was *prima facie* entitled to recover. The case would come under the principle that one who so constructs or maintains a structure upon his own premises as to cause an artificial discharge or accumulation of water upon a public way, which by its freezing makes the use of the way dangerous, will be held liable to one who, being rightfully upon the way and in the exercise of due care, is injured in consequence

of such dangerous condition. *Drake* v. *Taylor*, 203 Mass. 528. *Field* v. *Gowdy*, 199 Mass. 568. *Hynes* v. *Brewer*, 194 Mass. 435.

The fact that the defendant had let different parts of her building to different tenants at will is not decisive in her favor. So far as appears, she retained control of the outside and roof of the bay window. She did not make merely occasional repairs upon the building as a matter of favor; it could be found that she procured and paid for all the repairs that were made. *Perkins* v. *Rice*, 187 Mass. 28, 30. *Readman* v. *Conway*, 126 Mass. 374. It could be found from her own testimony that she assumed the care of keeping the sidewalk clear of snow and ice, and employed Pitman to see to this for her. Moreover, if she let the building with the bay window overhanging the sidewalk of a public way (see *Opinion of the Justices*, 208 Mass. 603, 625) and constructed as it could be found that this was, the case would be within the rule of *Maloney* v. *Hayes*, 206 Mass. 1, and she would herself be responsible for the nuisance caused by her tenant's using the leased premises in the manner in which they were adapted and designed to be used.

The plaintiff's right of action is not affected by the provisions of St. 1908, c. 305, passed since her action was brought.

Perhaps the defendant might have demurred to the declaration for a misjoinder of counts. But that was not done; and the case rightly proceeded against the only defendant who was alive and was served on. *Brown* v. *Kellogg*, 182 Mass. 297. *Elliott* v. *Hayden*, 104 Mass. 180.

The case should have been submitted to the jury upon the third count, which alone was relied on.

*Exceptions sustained.*