JOSEPH J. LUCAS *vs.* HARRY E. BYRNE, administrator.

Suffolk.    January 25, 1927. — January 25, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence,* Of one owning or controlling real estate. *Ice and Snow.*

At the trial of an action for personal injuries received from a fall on ice caused by the freezing of water running to a sidewalk from a roof of a building of the defendant through a defective or clogged spout, it appeared that the plaintiff was familiar with the location, and, being

apprehensive for his safety if he should try to walk over the slippery place on the sidewalk, fell and was injured while attempting to sprinkle ashes over the ice. *Held,* that

(1) It could not rightly have been ruled as a matter of law that the plaintiff could not recover because of voluntary exposure to danger or voluntary assumption of risk;

(2) The questions of contributory negligence of the plaintiff and of negligence of the defendant were for the jury.

TORT for personal injuries. Writ dated May 7, 1924.

In the Superior Court, the action was tried before *Dubuque,* J. Material facts are stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $5,000, of which, on motion by the defendant, the plaintiff remitted $2,500. The defendant alleged exceptions.

*W. Rosnosky,* for the defendant.

*J. D. Carney, R. H. J. Holden, & L. C. Sprague,* for the plaintiff, submitted a brief.

BY THE COURT. This is an action of tort to recover compensation for personal injuries alleged to have resulted from an accumulation of ice formed by the freezing of water from the roof of a building of the defendant, whereby the water ran from it through a defective or clogged spout to the adjacent sidewalk. The plaintiff was perfectly familiar with the location, and, being apprehensive for his safety if he should try to walk over the slippery place on the sidewalk, fell and was injured while attempting to sprinkle ashes over the ice.

On these facts it could not rightly have been ruled as a matter of law that the plaintiff could not recover because of voluntary exposure to danger or voluntary assumption of risk. These questions were for the jury. The due care of the plaintiff and negligence of the defendant rightly were left to the jury. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *Field* v. *Gowdy,* 199 Mass. 568. *Drake* v. *Taylor,* 203 Mass. 528. *Cochran* v. *Barton,* 233 Mass. 147. *Marston* v. *Phipps,* 209 Mass. 552. *Letang* v. *Ottawa Electric Railway,* [1926] A. C. 725.

*Exceptions overruled.*