MARGARET E. BAILEY *vs.* ANNIE R. BLACKER.

SAME *vs.* HARRISON G. MESERVE.

Suffolk.    April 4, 1929. — April 6, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Snow and Ice. Negligence,* Of one owning or occupying real estate.

At the trial of an action of tort against one owning and occupying a
dwelling house for personal injuries resulting from a fall on a public
sidewalk in front of the premises, there was evidence that at the time
of the accident the walk was covered by snow which had been trampled
and that across it ran two ruts caused by automobile wheels on a drive-
way leading to the defendant's premises and sloping from the house
toward the street; that the plaintiff stepped in one of the ruts upon
which was a coating of ice and hard or crusty snow and fell; that three
weeks after the accident the plaintiff viewed the scene of the accident
and observed a conductor on the house ending at its base with an elbow
pointing outward toward the driveway and emptying into a trough on
the lawn "which ran down the side of the driveway." The house stood
back from the sidewalk line about twenty feet, with a lawn in front
leading toward the sidewalk and with the driveway from the street
over the sidewalk and along the side of the lawn to a garage in the rear.
A verdict was ordered for the defendant. *Held,* that
    (1) The evidence did not warrant a finding that the ice upon which
the plaintiff slipped came from the gutter and trough maintained by the
defendant;
    (2) An abutting landowner cannot be held liable for injury caused
by ice formed by water or snow coming from his premises because of
the conformation of the land;
    (3) It was conjectural whether the ice on which the plaintiff slipped
resulted from an artificial channel caused by the defendant or by the
natural slope of the land and general weather conditions.
    (4) The verdict properly was ordered for the defendant.

TWO ACTIONS OF TORT for personal injuries received when
the plaintiff fell on snow and ice in front of premises owned
and in part occupied by the defendant in the first action,
and in part occupied by the defendant in the second action.
Writs dated January 4, 1927, and February 9, 1927, respec-
tively.

In the Superior Court, the actions were tried together
before *Whiting,* J. Material evidence is stated in the opinion.

The judge ordered verdicts for the defendants. The plaintiff alleged exceptions.

*J. A. Post,* for the plaintiff.

*M. F. Hall,* (*F. B. Wallis* with him,) for the defendants.

Rugg, C.J.    These are actions of tort to recover compensation for personal injuries alleged to have been received by the plaintiff through the negligence of the defendants in respect to snow and ice. The evidence in its aspect most favorable to the plaintiff tended to show that, as she was walking down a sidewalk in front of premises owned by one of the defendants and occupied by both of them, she slipped in these circumstances: For some days before the accident there had been considerable snow and ice upon the ground. A foot or more of snow had fallen that week, and it was "snowy and icy and rutty and slippery." As she approached the place where she fell the sidewalk generally was covered with snow which had been tramped upon. There were two ruts in the driveway leading to the premises of the defendants caused by automobile wheels, and she slipped in one of these upon which was a coating of ice and hard or crusty snow. About three weeks later the plaintiff went to the place again, and observed a conductor on the house ending at its base with an elbow pointing outward toward the driveway and emptying into a trough on the lawn "which ran down the side of the driveway." The house stood back from the sidewalk line about twenty feet, with a lawn in front leading toward the sidewalk and with a driveway from the street over the sidewalk and along the side of the lawn to a garage in the rear. The slope of the driveway was from the house toward the street.

This evidence did not warrant a finding that the ice upon which the plaintiff slipped came from the gutter and trough maintained by the defendants or either of them. An abutting landowner cannot be held liable for injury caused by ice formed by water or snow coming from his premises because of the conformation of the land. *Field* v. *Gowdy,* 199 Mass. 568, 570. *Lucas* v. *Thayer,* 263 Mass. 313. It was conjectural whether the ice on which the plaintiff slipped was caused by the artificial channel of the defendants or by

the natural slope of the land and general weather conditions. *Sanborn* v. *McKeagney,* 229 Mass. 300. *Hart* v. *Wright,* 235 Mass. 243. The case is distinguishable from *Drake* v. *Taylor,* 203 Mass. 528, *Marston* v. *Phipps,* 209 Mass. 552, *Cochran* v. *Barton,* 233 Mass. 147, and *Allen* v. *Salmansohn,* 254 Mass. 500.

*Exceptions overruled.*