Adlow, J.
In this case the plaintiff seeks to recover for injuries resulting from a fall on ice suffered by her on the sidewalk adjoining the premises of the defendant. There was evidence that the defendant maintained a nine-car garage on her land; that a water spout, leading from the gutter on the roof of this garage, discharged water onto the ground at a point about 35 feet from the inner edge of the sidewalk and 3 feet from the nearest edge of a dirt driveway over which occupants of the garage crossed the defendant’s land to reach the street. The land on both sides of the driveway sloped slightly toward the driveway which, in turn, was higher at its sides than in its middle. At the point where the driveway crossed the sidewalk, the plaintiff fell on some ice. There was evidence that there was ice all over the sidewalk at the time and that it had snowed on the previous day. There was likewise evidence that ice reached up the driveway toward the garage.
The mere fact that it is shown that an unnatural accumulation of water is discharged by a pipe onto the defendant’s land is not in itself sufficient to establish the defendant’s liability. The plaintiff must show that this water flowed from the point where it was so discharged to the locus of the accident and there formed ice in an amount greater than would have occurred under ordinary circumstances. Hynes v. Brewer, 194 Mass. 435 at 440. This can be shown by evidence indicating the proximity of the open end of the spout to the point of the accident. Marcus v. Salmansohn, 254 Mass. 500, Cochran v. Barton, 233 Mass. 147, Drake v. Taylor, 203 Mass. 528. Spout 2 feet from point of accident. Marston v. Phipps, 209 Mass. 552. Dripping from bay window overhanging sidewalk. Or it may be shown that a trough or trench or channel carried the water unnaturally *266 accumulated from the point of discharge to the point of the accident. Bates v. Westborough, 151 Mass. 174 at 182. Curtis v. Eastern Railroad Co., 98 Mass. 428 at 430. There must be evidence that the ice on which the plaintiff fell was formed from the water which the defendant is charged with artificially collecting. Young v. Kaplan, 267 Mass. 152. When the point where the artificial accumulation of water discharges is not close to the point where the ice causing accident forms, we are confronted by another problem. Is the water which has frozen and become ice the water which defendant unnaturally accumulated on his land? Ordinarily this is a question of fact open to proof. In Cochran v. Barton, supra, evidence of a trough emptying on an embankment at a point 12 feet from sidewalk and of a ridge of ice, extending from the point on sidewalk where plaintiff fell to the trough, was held to warrant a finding for plaintiff. See also Field v. Gowdy, 199 Mass. 568. But where the unnatural accumulation of water flows over defendant’s land and mixes with waters which have naturally gathered, it becomes, problematical whether the ice which has formed on the sidewalk was due to the water which have been gathered naturally or unnaturally. On the theory that it becomes conjectural whether such ice was caused by natural causes or by the negligent conduct of the defendant, the courts have held that such facts do not warrant a finding for the plaintiff. Jefferson v. L’Heureux, 1936 Ad. Sh. 509. Bailey v. Blacker, 267 Mass. 73. Aside from all these considerations, the mere proof of a condition existent at the time of the accident will hardly suffice to establish the defendant’s liability. Even if an unnatural accumulation of water were discharged at the point of the accident and there formed ice, the plaintiff still had the burden of proving that the water came down in greater quantities and in a different manner than might have occurred in the natural state *267 of the land. Lucas v. Thayer, 263 Mass. 313. With respect to this element of proof there was no evidence whatever.
We see nothing to distinguish the issues raised hy this report from those determined in Bailey v. Blacker, 267 Mass. 73.
Finding for plaintiff vacated.
Judgment for defendant.