[File No. 6667.]

RAY C. RICHMOND, Fred Lyons, and B. V. Hanson, as Members
of the State Board of Barber Examiners of the State of North
Dakota, Appellants, v. PETER MILLER, Respondent.

(292 N. W. 633.)

Opinion filed June 1, 1940.

*Murtha & Murtha,* for appellants.
No appearance for respondent.

CHRISTIANSON, J.   The plaintiffs brought this action, as members of the State Board of Barber Examiners of this State, to enjoin the defendant from barbering without a license.   In the complaint it is alleged that the defendant is engaged "in the business and in the practice . . . of cutting and trimming hair on the head of human beings . . . not members of his family;" that he receives pay for so doing, and that he has not secured "a license or certificate from the State Board of Barber Examiners."   It is further alleged that the room or place which is being used by the defendant in which to carry on such work is "also used for residential purposes, and that a substantial partition did not separate the portion used for residential purposes from such room" in which the defendant practices barbering. There was no appearance on the part of the defendant.   The court heard the evidence offered by the plaintiffs.   Such evidence was to the effect that the defendant had not obtained a certificate of registration as a barber from the Board of Barber Examiners; and that in a room in the dwelling house occupied by himself and his father he had practiced barbering by giving hair cuts to certain persons not members of his family for which work he had received pay.

The trial court ordered a dismissal of the action.   Judgment was entered accordingly and the plaintiffs have appealed.

The judgment must be affirmed.   The laws of this State provide for the licensing of barbers (Laws 1927, chap. 101; Laws 1931, chaps. 98, 99), and make it a misdemeanor for any person to practice or to attempt to practice barbering without a certificate of registration issued to him by the Board of Barber Examiners (Laws 1927, chap. 101, §§ 1, 18).   These laws also make it a misdemeanor to "use any room or place for barbering which is also used for residential or business purposes . . . unless a substantial partition of ceiling height separates the portion used for residential or business purposes from such room used for barbering."   Laws 1931, chap. 98.

It is well settled that equity has no jurisdiction to restrain the commission of crimes, and that injunction may not issue for the preven-

tion of criminal acts unconnected with violation of legal rights. 1 High, Injunctions, 4th ed. p. 29; 32 C. J. 275 et seq.

Corpus Juris (32 C. J. 275, 276) says: "It is now universally held that, except where there is express statutory authority therefor, equity has no criminal jurisdiction, and acts or omissions will not be enjoined merely on the ground that they constitute a violation of law and are punishable as crimes. Under ordinary circumstances a complete and adequate remedy for the violation of the criminal statutes of a state and of municipal ordinances is afforded by the courts of law; and if a criminal prosecution will constitute an effectual protection against the acts or omissions complained of, no grounds exist for relief by injunction. It is not the intention of the law that constitutional provisions shall be evaded by substituting a civil for a criminal procedure or a single judge for a jury; the mere fact that the officers charged with the duty of enforcing the provisions of the criminal law neglect or refuse to perform their duty in this regard is no reason for the interference of a court of equity. Nor is it a ground for equitable interference by injunction that the punishment for the crime is inadequate."

"Something more than a threatened commission of an offense against the laws of the land is necessary to call into exercise the injunctive powers of the court." Re Debs, 158 U. S. 564, 39 L. ed. 1092, 15 S. Ct. 900. There must be some actual interference, or imminent threat of interference, with some public or private legal right, which interference will result in irreparable damage unless it is prevented by the exercise of the equitable powers of the court; but when a state of facts is presented, which, according to established principles, calls for the interposition of equity to protect legal rights, the equitable jurisdiction is not destroyed because the acts sought to be prevented are criminal in their nature, and punishable under the penal laws. 1 High, Injunctions, 4th ed. p. 33; 32 C. J. pp. 277, 278. In such a case, the equitable powers of the court are not put forth to enjoin the commission of a crime, although that may incidentally result; they are put forth to protect legal rights against invasion by acts which, if committed, would cause injury for which the ordinary remedies at law would not afford adequate relief. 32 C. J. pp. 277, 278; 46 C. J. 763;

1 High, Injunctions, 4th ed. p. 33; Hamilton-Brown Shoe Co. v. Saxey, 131 Mo. 212, 32 S. W. 1106, 52 Am. St. Rep. 622; Re Debs, 158 U. S. 564, 39 L. ed. 1092, supra.

Appellants contend that the acts sought to be enjoined constitute a public nuisance (Comp. Laws 1913, §§ 7228, 7229, 9742), and that, hence, a cause of action for injunctive relief has been established. No authority is cited in support of this contention, and none has been found. On the contrary, there seems to be unanimity in the authorities that, in absence of a statutory declaration to that effect, the engaging in a business or profession without having procured a certificate of authority or license prescribed by law does not of itself constitute a public nuisance, calling for the interposition of the equitable jurisdiction. Atty. Gen. v. Utica Ins. Co. 2 Johns. Ch. (N. Y.) 371; Sparhawk v. Union Pass. R. Co. 54 Pa. 401; State ex rel Reynolds v. Capital City Dairy Co. 62 Ohio St. 123, 56 N. E. 651; State v. Johnson, 26 N. M. 20, 188 P. 1109; see also 46 C. J. pp. 660, 661; 1 High, Injunctions, 4th ed. pp. 29–33; Field v. Gowdy, 199 Mass. 568, 85 N. E. 884, 18 L.R.A.(N.S.) 236.

In State v. Johnson (N. M.) supra, the court held that "practicing osteopathy or medicine without the license required by law is not a nuisance per se."

In Atty. Gen. v. Utica Ins. Co. 2 Johns. Ch. (N. Y.) 371, supra, the court held that the business of banking, carried on in violation of a statute prohibiting unincorporated associations from engaging in banking, was not subject to be enjoined or abated as a public nuisance.

The plain state of this case is, that the equitable powers of the court are invoked to enforce a regulatory statute, and to have forbidden by injunction the doing of acts, which such statute inhibits under penalty. The acts sought to be enjoined are unlawful solely because they are made so by such statute. In absence of the statute they would furnish no basis for either a civil or criminal action or proceeding. The statute does not declare that the acts inhibited by it shall constitute a nuisance, or that such acts shall be subject to the equitable powers of the court. The statute, however, does say that such acts shall constitute a misdemeanor, and, hence, it renders any person who commits them subject to criminal prosecution.

The decision of the trial court is right. It must be, and it is, affirmed.

NUESSLE, Ch. J., and MORRIS, BURR, and BURKE, JJ., concur.